## COMMONWEALTH *vs.* NORAH BURNS.

A sale of intoxicating liquor on credit is a sale within the meaning of *St.* 1855, *c.* 215, § 15.

The papers transmitted by a justice of the peace to the court of common pleas in a criminal case were a complaint, a record of the proceedings before the justice, signed by him, a warrant and officer's return, and a memorandum of a recognizance, signed by the justice. The warrant and the officer's return were each certified by the justice to be a true copy. *Held*, that, for want of an attestation of the conviction, the record was not sufficiently certified.

COMPLAINT to a justice of the peace, on *St.* 1855, *c.* 215, § 15, for unlawful sales of intoxicating liquors in Greenfield.

The papers transmitted by said justice to the court of common pleas were the complaint, with the jurat; on the back of that, the bill of costs, certificate of attendance of witnesses, and the record of the proceedings and appeal, signed by the magistrate; on the third page of the same sheet, the warrant; and indorsed on that, the officer's return, and a memorandum of the taking of a recognizance. The certificate of the oath to the complaint, and the last memorandum, were each signed " S. D. Bardwell, Justice of the Peace." At the foot of the warrant, and again after the officer's return, were these words : " A true copy, attest : S. D. Bardwell, Justice of the Peace." There was no other attestation of the papers.

At the trial there was evidence tending to show that William H. Foster, a person to whom one sale was alleged to have been made, " did not pay in cash for the liquor, but that the defendant was then indebted to him on account, and Foster, by the understanding of the parties, gave credit for the amount of said liquor in payment towards said account." The defendant contended that the delivery of liquor on credit, not in or from a dwelling-house, and therefore not within *St.* 1855, *c.* 215, § 34, and no action being maintainable for the price under § 37, was not a sale. But *Aiken*, J. instructed the jury that, " if the liquor was delivered by the defendant and received by Foster in part payment of the account, it would constitute a sale ; and further, if such was not the transaction, that if it was the understanding of the parties that the liquor was thereafter to be paid for by Foster, and was not a gift to him, it would constitute a sale under the provisions of this law."

The defendant, being found guilty by the jury, moved in arrest of judgment, because the copies filed were insufficient. This motion was overruled, and the defendant alleged exceptions to this ruling and to the instructions to the jury.

*W. Griswold*, for the defendant.

*D. W. Alvord*, (District Attorney,) for the Commonwealth.

DEWEY, J. 1. We see no ground for sustaining the exception that the sale would not be in violation of the *St.* of 1855, *c.* 215, if the payment was to be made at a future day, or the price charged in an account with the vendee.

2. But the motion in arrest of judgment must prevail. The jurisdiction, being wholly appellate, must appear upon the papers filed in the case. Among the necessary papers there must be a copy of the conviction, duly certified as a true copy by the magistrate. Rev. Sts. *c.* 138, § 2. No such certified copy is found in the papers returned to the court of common pleas in the present case. No judgment will therefore be entered upon the verdict; but the same will be set aside, and the case remitted to the court of common pleas for further proceedings, if the proper certified copies shall be filed in the case. *Commonwealth v. Doty*, 2 Met. 18. *Exceptions sustained.*